IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DAVID JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 11-3302 |
| | ) | |
| SANGAMON COUNTY OF ILLINOIS, COUNTY/GOVERNMENTAL ENTITY; ANDREW VAN METER, CHAIRMAN OF SANGAMON COUNTY BOARD; ANTHONY LIBRI, CIRCUIT CLERK OF SANGAMON COUNTY; MARK KINNAMAN, DEPUTY CIRCUIT CLERK OF SANGAMON COUNTY, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Pending before the Court are the following motions: a motion to dismiss filed by Defendants County of Sangamon, Mark Kinnaman, and Andrew Van Meter; a motion to dismiss by Defendant Anthony Libri; and a motion for partial summary judgment filed by Plaintiff David Johnson.

It appears that the Plaintiff intended to file a civil rights action

pursuant to 42 U.S.C. § 1983, wherein he alleges that Defendants on multiple occasions "intentionally neglected" to remove a conviction from his record after being instructed to do so. He alleges a number of claims: (1) severe emotional distress; (2) intentional and reckless disregard; (3) outrageous conduct; (4) negligent infliction of emotional distress; (5) abuse of process; and (6) gross negligence.

The Defendants proffer a number of reasons as to why this action should be dismissed. The Court concludes that it lacks jurisdiction over the subject matter. The case will be dismissed on that basis.

I.

In support of their motion to dismiss, Defendants Sangamon County, Andrew Van Meter and Mark Kinnaman have filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. First, the Defendants allege that the Complaint fails to state a claim upon which relief can be granted because it lacks facts that are sufficient to suggest a plausible claim. Second, the Plaintiff has failed to properly allege the necessary constitutional violation in order to trigger § 1983 liability.

Moreover, the Defendants assert that § 1983 does not recognize a cause of action for abuse of process. The Defendants contend that the alleged 2005 and 2006 federal claims are barred by the two-year statute of limitations for § 1983 actions in Illinois, and any supplemental state law claims are barred by the one year limitations period. The Defendants further allege that Plaintiff cannot meet the elements for abuse of process under Illinois law. Moreover, negligence is not actionable under § 1983. Additionally, the Sangamon County Board Chairman, Andy Van Meter, has no legal duties with respect to the functions of the Office of the Circuit Clerk. Finally, the Defendants contend that to the extent the Plaintiff has named both Sangamon County and Chairman Van Meter in his official capacity, those claims are redundant. The same is true to the extent that he names Circuit Clerk Libri and Deputy Circuit Clerk Kinnaman officially.

Defendant Anthony Libri contends that Plaintiff has alleged only legal conclusions and does not state a claim upon which relief can be granted. Additionally, it appears that the claims asserted are state law claims. Mr. Libri alleges that Plaintiff has not identified a federal cause of action.

In his Motion for partial summary judgment,[1] the Plaintiff contends that Defendants acted with intentional and reckless disregard to the Plaintiff, with the intent to inflict financial injury and the realization that a financial injury would result from their conduct. The Plaintiff states that he is seeking $250,000 in compensatory damages and $750,000 in punitive damages.

Several attachments are appended to the Plaintiff's Motion, including (1) a background report from HireRight, which provided the background/criminal check for the Plaintiff dated December 9, 2011; (2) email correspondence between the Plaintiff and Defendant Kinnaman; (3) case information (or docket report) for <u>State of Illinois v. David M. Johnson</u>, Case Number 2005-CM-002166, dated December 12, 2010; (4) email correspondence between the Plaintiff and retired Sangamon County Judge John Mehlick; and (5) a docket report for Case Number 2005-CM-

---

[1] The Defendants correctly point out that Plaintiff has failed to comply with the local rules in filing his motion for partial summary judgment. Moreover, his motion does not comply in a number of respects with Rule 56 of the Federal Rules of Civil Procedure.

002166, dated January 19, 2011.[2]

In support of his Motion, the Plaintiff states that he entered into a plea agreement with the Sangamon County States Attorney. The Plaintiff states that he agreed to plead guilty to a misdemeanor theft charge for which he would receive six months supervision, plus payment of court costs. The Plaintiff alleges that it was agreed that this charge was never to show up on the his criminal/background record. He further asserts that Judge Mehlick informed the Defendants when the Plaintiff completed the court supervision that the charge was not to show on his background check.

The Plaintiff further alleges that in December of 2006, he attempted to procure employment at the Springfield, Illinois Target Store. He was told that a background check revealed a theft conviction. On December 22, 2006, the Plaintiff proceeded to inform the State's Attorney's Office that this charge remained on his record. The Plaintiff states that he then went before Judge Mehlick, who informed the Defendants that these charges

---

[2]The Defendants note that the Sangamon County docket is not certified and the other materials are not sworn or otherwise supported by sworn affidavits, as is required by Rule 56.

were to be removed from the record because all supervision requirements had been met. The Plaintiff notes this is reflected on the case information.

The Plaintiff further alleges that in December of 2010, after being hired for a full-time job at Convergys, the Plaintiff was informed that his background check revealed that a conviction for theft was still on his record. The Plaintiff claims that, as a result of this intentional and willful misconduct, he was terminated from his employment. He then informed the Defendants. The Plaintiff states that he was instructed to write a letter to Judge Mehlick, who by then had retired. Judge Mehlick advised the Plaintiff that he was retired and could not do anything on the matter. The Plaintiff claims that on January 18, 2011, the Defendants informed him that the change had been made.

## II.

In his Complaint, the Plaintiff alleges that the Court has jurisdiction pursuant to 28 U.S.C. § 1331, on the basis that "Defendants broke the federal laws in the jurisdiction of the Central District of Illinois." Even assuming the Defendants had violated federal laws, however, that would

not necessarily provide a basis for subject matter jurisdiction in a civil rights lawsuit.

Based on the allegations in the Complaint and in the Plaintiff's subsequent filings, the Court is unable to conclude that it has jurisdiction pursuant to § 1331. The Plaintiff has not specifically alleged any constitutional or federal claims. None of the claims asserted in the Complaint–for severe emotional distress, intentional and reckless disregard, outrageous conduct, negligent infliction of emotional distress, abuse of process,[3] or gross negligence–are federal causes of action.

The Court also lacks jurisdiction pursuant to 28 U.S.C. § 1332. The Complaint does not allege that the parties are of diverse citizenship. Although it appears that he now resides in Missouri, the Plaintiff does not allege that he is a citizen of any particular state.

A plaintiff's good faith allegation of the amount in controversy is

---

[3]The Seventh Circuit has observed that "abuse of process is not a free-standing constitutional tort if state law provides a remedy for abuse of process. Illinois provides such a remedy." Adams v. Rotkvich, 325 F. App'x 450, 453 (7th Cir. 2009) (citations omitted). Therefore, the Plaintiff's abuse of process claim is not cognizable under § 1983.

generally accepted unless it appears legally certain that the claim is for less than the jurisdictional amount. See McMillan v. Sheraton Chicago Hotel & Towers, 567 F.3d 839, 844 (7th Cir. 2009). Although the Complaint seeks compensatory damages in the amount of $500,000.00 and punitive damages in the amount of $4,500,000.00, the Court concludes that this is not a good faith allegation of the amount in controversy. The Plaintiff has not properly alleged that the amount in controversy exceeds $75,000. Therefore, the Court lacks jurisdiction over the subject matter.

This action will be dismissed for lack of subject matter jurisdiction. The Court does not address the viability of any state law claims asserted by the Plaintiff. However, the Court observes that Plaintiff may be better served by not pursuing any such claims and instead carefully considering the Defendants' responses to his motion for partial summary judgment–particularly, the discussions pertaining to expungement.

Ergo, the Defendants' motion to dismiss [d/e 12] is ALLOWED. This case is DISMISSED for lack of jurisdiction.

All other motions are DENIED AS MOOT.

ENTER: December 8, 2011

    FOR THE COURT:

                                          s/Richard Mills
                                          United States District Judge